ESTEBAN RIVERA MALAVÉ, Plaintiff and Appellant, *v.* JOSÉ RODRÍGUEZ CRUZ ET AL., Defendants and Appellees.

No. 4525. Argued December 14, 1929.—Decided February 5, 1930.

*C. Domínguez,* for appellant. *A. Porrata Doria,* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Esteban Rivera Malavé brought this action to recover a parcel of land having an area of eighteen and one-half acres and located in the ward of Matón Arriba, Municipality of Cayey.

He alleged that he is the owner of that property by purchase from Juan Anacleto Malavé under a deed, which was recorded in the registry, and that the defendants were wrongfully withholding the possession thereof. He also claimed damages in the sum of $500 as mesne profits received by the defendants from the said parcel.

In their answer, the defendants made general and specific denials of the averments of the complaint. Defendants, José Rodríguez, Juan Cruz, Leoncio Ortiz and Avelino Alvarado, alleged as new matter of defense that they had nothing to do with the possession of the property as they were mere laborers, the first one as cropper and the others for wages and all of them working under the supervision of the owner, defendant Dolores Vicenta León; who pleaded that the property belongs to her by inheritance from her parents, who prior to their death had held possession of the parcel in the same capacity in which she has held it ever since, as owners.

Defendant, Dolores Vicenta León, further pleaded that the instrument on which the plaintiff bases his right derives from another, which purports to be a conveyance of the property from the parents of this defendant to Juan Anacleto Malavé, with a reservation of the right to repurchase (*pacto de retro*), whereas in reality the transaction was a loan secured by a mortgage.

She also alleged that Juan Anacleto Malavé never had possession of the property and that his nephew, the plaintiff herein, knew that the sale with reservation of the right to repurchase was not a real sale but a mortgage given as security for a certain loan which Malavé himself attempted to recover by a suit, which he later withdrew.

Upon the issues thus made, the case went to trial and the parties introduced their evidence. The court finally rendered judgment for the defendant and the plaintiff took this appeal, in support of which he has filed a brief which does not comply with the rules of this court, in that it includes in a single assignment of error different matters which ought to have been assigned separately. However, we will go into the merits of the case in order to consider and decide the real and fundamental question involved in the litigation.

In its statement of the case and opinion the trial court sets forth the following findings:

"It appears from the evidence, taken as a whole, that by deed No. 87 of June 15, 1923, executed before notary Guzmán Texidor of Cayey by Juan Francisco Vicente and Cecilia León as grantors, in favor of Juan Anacleto Malavé, grantee, the said grantors sold to the latter, reserving the right to repurchase (*pacto de retro*), the property sought to be recovered herein; that the said Juan Anacleto Malavé sold the aforesaid property to the plaintiff, whose right was accordingly recorded in the registry of property; that neither Juan Anacleto Malavé nor plaintiff Esteban Rivera was at any time in actual possession of the premises; and that defendant Dolores Vicente León has been holding possession of the said property, which she acquired by inheritance from her parents."

The lower court further said:

"Section 1 of Act No. 47 of April 13, 1916, provides:

" 'Section 1.—That any sale of real property with reservation of the right to repurchase shall be presumed to constitute a contract of loan for the amount stated as the purchase price, secured by a mortgage on the property sold, in any of the following cases:

" '1. When the buyer fails to enter into actual possession of the thing sold.'

"Applying the foregoing statutory provisions to the facts herein, we are bound to conclude that the deed of sale with reservation of the right to repurchase executed by Francisco Vicente and Cecilia León in favor of Juan Anacleto Malavé, was in the nature of a contract of loan, secured by a mortgage. Accordingly, the court is of opinion that it must, as it does hereby, render judgment for the defendants."

An examination of the record shows beyond a doubt that the evidence is sufficient to justify the conclusion reached by the court that Malavé Gutiérrez never entered into actual possession of the property, much less the plaintiff.

That being so, the presumption stands that the sale, with the reservation of the right to repurchase, of the prop erty in question—real property—from which the plaintiff derives his claim of title, did not constitute a true sale but a loan contract for the amount stated as the purchase price, secured by a mortgage on the property sold.

As regards the original purchaser, Malavé Gutiérrez, there seems to be no doubt that the above conclusion was correct. A doubt arose among the members of this court as to whether the said presumption extended to the plaintiff, who appears to have acquired from the original purchaser, with the majority favoring the affirmative of this proposition. The minority hold to the view that the plaintiff is a third person and hence protected under section 1365 of the Civil Code, which provides that when the sale is made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the subject-matter of the contract; and that the plaintiff has, therefore, a clear right to recover.

In our judgment, the question of possession can not be settled here by applying section 1365 of the Civil Code. Leaving aside the peculiar circumstances surrounding this case, which render it stronger, and confining ourselves to the proof of the absence of actual possession in the purchaser, who acquired subject to a reservation of the right to repur-

chase, and to the quoted provisions of Act No. 47 of April 13, 1916, which involve an exception to the general rule of the Civil Code, it may be concluded without any effort that one who purchases, as the plaintiff did, can not rely on section 1365 of the Civil Code—inapplicable by its express terms to the person from whom he purchases—and that he is bound accordingly to inquire as to whether the possession actually existed. In the absence of such inquiry the risk is taken— a risk which was incurred, to his prejudice, by the plaintiff herein—of purchasing from a person who is not the real owner, but a mortgagee; a fact of which the second purchaser had constructive notice, since a legal presumption is involved which he could not ignore.

The fact that, at the time the plaintiff acquired from the said original purchaser, the period for exercising the right of redemption had expired, is immaterial, since Act No. 47 of 1916 was not enacted to apply only during that period.

The statute is general in its scope and can not be restricted.

Nor would our conclusion herein be affected by the fact that plaintiff's title is recorded in the registry, as from that same registry it appeared that the title of the person who conveyed to him was based on a sale subject to the right of repurchase, to which sale the aforesaid Act No. 47 of 1916 necessarily applied.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Aldrey and Mr. Justice Texidor dissented.